UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

**FILED**

JUL 1 3 2010



Clerk, U. S. District Court
Eastern District of Tennessee
At Winchester

JASON M. FINT, )
)
*Plaintiff,* )
v. ) No. 1:10-cv-76
) *Edgar/Carter*
LT. GABE THOMAS; ANTIONIO )
SIMPSON; SGT. ANTHONY LYNN; )
SCOTTIE MCMINN; AND ROB BERGER; )
All Defendants are Sued in their Official )
and Individual Capacities; )
)
*Defendants.* )

## MEMORANDUM AND ORDER

Plaintiff Jason M. Fint ("Plaintiff") is an inmate in custody of the Tennessee Department of Correction ("TDOC"). He is housed at the Charles Bass Correctional Complex ("CBCX") in Wartburg, Tennessee. Fint has filed a *pro se* civil rights action under 42 U.S.C. § 1983 and seeks injunctive relief and money damages from Bradley County Justice Center personnel whom he alleges unconstitutionally used excessive force against him which resulted in a torn left rotator cuff; a swollen, bruised, and lacerated right ear with resulting hearing loss; pinched nerves in his right wrist; torn pectoral minor; and bruised and swollen elbows.

Plaintiff has requested injunctive relief to prevent the Bradley County Justice Center personnel from confiscating his legal materials. As Plaintiff is no longer in the custody of the Bradley County Justice Center, injunctive relief is no longer available. *Moore v. Curtis*, 68 F.Appx. 561, 562 (6th Cir. 2003) (request for injunctive and declaratory relief deemed moot because Moore

1

no longer incarcerated in that prison); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Therefore, Plaintiff's request for injunctive relief is **DENIED as MOOT**.

I.   **Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is a prisoner in custody at CBCX, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Plaintiff **SHALL** pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides **SHALL** submit to the Clerk, United State District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a)   twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b)   twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian **SHALL** submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the

Warden and the Custodian of Inmate Accounts at CBCX, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee, to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff **SHALL** collect the filing fee as funds become available. This order **SHALL** become a part of inmate Plaintiff's file and follow the inmate if he is transferred to another institution. The agency having custody of Plaintiff **SHALL** continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff is **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II. Service

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for each of the Defendants named in this action. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within **thirty (30) days** of the date of this Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint within **twenty (20) days** from the date of service.

### III. Motion to Appoint Counsel

Plaintiff has filed a motion requesting counsel to represent him in this case (Court File No. 4). A district court may appoint counsel to represent an indigent party. 28 U.S.C. § 1915(e). Whether counsel should be appointed for an indigent party is within the sound discretion of the district court. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993); *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991). Some of the factors the court should consider when making the decision to appoint counsel include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case. *Haines v. Saginaw Police Dept.*, 35 F.3d 565 (6th Cir. Aug. 17, 1994), *available at* 1994 WL 445234 *2; *Henry v. City of Detroit Manpower Dept.* 763 F.2d 757, 759 (6th Cir.), *cert. denied*, 474 U.S. 1036 (1985).

This is a § 1983 action where Plaintiff alleges Defendants unconstitutionally used excessive force against him causing serious bodily injury. Therefore, the Court finds Plaintiff is presently able to represent himself and present his case. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED** at this time (Court File No. 4).

Plaintiff is **ORDERED** to inform the Court and Defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within **ten (10) days** following any change of address will result in the dismissal of this action.

SO ORDERED.

ENTER this the 13th day of July, 2010.

/s/ R. Allan Edgar
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE